IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID RAPHAEL KING,

        Plaintiff,                         No. CIV S-06-0522 DFL DAD P

    vs.

RODRIGUEZ, et al.,

        Defendants.             <u>ORDER</u>

/

        Plaintiff, a federal inmate proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983, and a motion to proceed in forma pauperis. The in forma pauperis application, however, is incomplete. Plaintiff will be provided the opportunity either to submit the appropriate affidavit in support of a request to proceed in forma pauperis or to submit the appropriate filing fee. <u>See</u> 28 U.S.C. §§ 1914(a), 1915(a).

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

1    A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
2   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
3   (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
4   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
5   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
6   pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
7   Cir. 1989); Franklin, 745 F.2d at 1227.

8    A complaint, or portion thereof, should only be dismissed for failure to state a
9   claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set
10  of facts in support of the claim or claims that would entitle him to relief.  Hishon v. King &
11  Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer
12  v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a
13  complaint under this standard, the court must accept as true the allegations of the complaint in
14  question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the
15  pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor,
16  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

17    Plaintiff claims that the government and F.B.I. agent Thomas conspired to obtain
18  a grand jury indictment against him based on false information.  Plaintiff is advised that in Heck
19  v. Humphrey, 512 U.S. 477 (1994), the United States Supreme Court held that a suit for damages
20  on a civil rights claim concerning an allegedly unconstitutional conviction or imprisonment
21  cannot be maintained absent proof "that the conviction or sentence has been reversed on direct
22  appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such
23  determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28
24  U.S.C. § 2254."  Id. at 486.  It is not clear from plaintiff's complaint whether the criminal
25  prosecution to which he refers is pending or whether he is currently serving a sentence stemming
26  /////

from the criminal proceeding and seeks to challenge it.[1]  Therefore, the court will dismiss the complaint and grant plaintiff leave to file an amended complaint using the form complaint provided by the court.  Again, plaintiff is cautioned that if a judgment in his favor would necessarily invalidate his conviction or sentence, this action will be dismissed without prejudice. Id.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

/////

---

[1] Plaintiff is forewarned that his sole federal remedy for obtaining relief with regard to his conviction and sentence is a writ of habeas corpus.  See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).  Plaintiff cannot challenge the constitutionality of his conviction and sentence in a civil rights action.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff shall submit, within thirty days from the date of this order, an affidavit in support of his request to proceed in forma pauperis on the form provided by the Clerk of Court, or the appropriate filing fee;

2. Plaintiff's complaint, filed on March 13, 2006, is dismissed;

3. Plaintiff is granted thirty days from the date of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must use the form complaint provided by the court; plaintiff must file an original and two copies of the amended complaint;

4. The Clerk of the Court is directed to send plaintiff a new Application to Proceed In Forma Pauperis By a Prisoner, and the form complaint for a § 1983 action;

5. Plaintiff's failure to comply with this order will result in the dismissal of this action.

DATED: March 28, 2006.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:bb/4
king0522.3a

4