IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID RAPHAEL KING,

    Plaintiff,                               No. CIV S-06-0522 DFL DAD P

    vs.

MICHAELL RODRIGUEZ, et al.,

    Defendants.                       FINDINGS & RECOMMENDATIONS

         Plaintiff is a federal prisoner proceeding with a civil rights action pursuant to 42 U.S.C. § 1983. Before the court is plaintiff's amended complaint and motion for leave to proceed in forma pauperis.

         On March 29, 2006, the court dismissed plaintiff's complaint because it appeared that plaintiff's claim was barred by Heck v. Humphrey, 512 U.S. 477 (1994). Plaintiff was also advised that if he was seeking to overturn his underlying criminal conviction, his sole remedy was a writ of habeas corpus.

         In his amended complaint, plaintiff contends that defendants F.B.I. agents Rodriguez and Osborne obtained a coerced statement which was used to obtain an indictment and a warrant for plaintiff's arrest. (Am. Compl. at 3; Attach., Form Civil Rights Complaint, at 8.) Plaintiff was subsequently tried on federal charges of conspiracy to unlawfully use the

1  identification of another and to commit bank fraud, bank fraud and attempted bank fraud, and
2  unlawful use of a means of identification of another person.  (Id., Attach., Third Superseding
3  Indictment Penalty Slip, at 1.)  Plaintiff seeks monetary damages in the amount of $90,000.

4  　　　　　As plaintiff was previously advised, this action is barred by the decision in Heck.
5  A suit for damages on a civil rights claim concerning an allegedly unconstitutional conviction or
6  imprisonment cannot be maintained absent proof "that the conviction or sentence has been
7  reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal
8  authorized to make such determination, or called into question by a federal court's issuance of a
9  writ of habeas corpus . . .."  Heck, 512 U.S. at 486.  This is so even where plaintiff claims that he
10 is not challenging his conviction, but instead is challenging the actions of the federal agents and
11 the fraud they allegedly committed in order to obtain the indictment against him.  The reasoning
12 set forth in Heck, has been applied to claims such as this brought pursuant to Bivens v. Six
13 Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971).  See Williams
14 v. Hill, 74 F.3d 1339, 1341 (D.C. Cir.1996) (reasoning that Bivens claims and §1983 claims are
15 similar and Heck applies to Bivens claims); Abella v. Rubino, 63 F.3d 1063, 1065 (11th
16 Cir.1995) (same); Zolicoffer v. Federal Bureau of Investigation, 884 F. Supp. 173, 175-76 (M.D.
17 Pa.1995) (same).

18 　　　　　Here, a judgment in plaintiff's favor would necessarily invalidate his federal
19 conviction and sentence.  Therefore, unless and until plaintiff's federal conviction is reversed,
20 expunged or held invalid under Heck, he cannot maintain a Bivens claim.  See Heck, 512 U.S. at
21 486-87; Whitmore v. Harrington, 204 F.3d 784, 784-85 (8th Cir.2000) ( Bivens action).

22 　　　　　On March 30, 2006, plaintiff filed a motion for leave to proceed in forma
23 pauperis.  The motion should be denied because this civil rights action is barred by Heck v.
24 Humphrey.  See 28 U.S.C. § 1915(e)(2).

25 /////
26 /////

1         Accordingly, IT IS HEREBY RECOMMENDED that:

2         1.  This action be dismissed without prejudice as barred by <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994); and

3         2.  Plaintiff's March 30, 2006 motion for leave to proceed in forma pauperis be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 3, 2007.

/s/ Dale A. Drozd
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
king0522.56